FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 27 2005
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES WINDSOR
ADC # 113913                                                            PLAINTIFF

V.                          5:04CV00271 GH/HDY

A.R. HILL, et al.                                                       DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

Pending before the Court are the Motions of Defendant Norris to dismiss (docket entry #15, #17). Plaintiff, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction, filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging he was attacked by another inmate.

In his Motions, Defendant Norris argues that Plaintiff improperly seeks to impose upon him liability under a theory of *respondeat superior*, and that Plaintiff failed to fully exhaust his administrative remedies.

Plaintiff alleges he was attacked by inmate J.B. Hamilton on or about October 15, 2002, while Plaintiff was being processed into "Maximum Security." Plaintiff alleges that Defendant Hill improperly removed inmate Hamilton's handcuffs in an unsecured area, which allowed Hamilton to assault Plaintiff and another inmate. Neither Plaintiff's Complaint, nor his Amended Complaint, allege any personal involvement by Defendant Norris in the actions or omissions that led to the assault. Indeed, other than listing him as a defendant, Plaintiff does not even mention Defendant Norris.

It appears that Plaintiff seeks to impose liability upon Defendant Norris under a theory *respondeat superior*. It is undisputed that defendants cannot be held liable under § 1983 on a *respondeat superior* basis. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Because Plaintiff has failed to state a claim upon which relief can be granted, his claims against Defendant Norris should be DISMISSED, and Defendant Norris's name should be removed as a party defendant.

Defendant Norris also alleges that Plaintiff failed to grieve any action or inaction by Defendant Norris, and his Complaint should therefore be dismissed in its entirety. In light of the Eighth Circuit's recent decision in *McAlphin v. Toney*, 375 F.3d 753 (8th Cir. 2004), the Court is not persuaded that Plaintiff has failed to exhaust administrative remedies as to these claims. Accordingly, dismissal of all of Plaintiff's claims is inappropriate.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Norris's Motions to Dismiss (docket entry #15, 17) be granted in part, that Plaintiff's claims against Defendant Norris be DISMISSED, and his name removed as a party defendant.

2. Plaintiff be allowed to proceed with his claims against other Defendants.

DATED this 27 of June, 2005.

UNITED STATES MAGISTRATE JUDGE