IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES WINDSOR
ADC # 113913                                                                                    PLAINTIFF

V.                                        5:04CV00271 GH/HDY

ALVIN HILL *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

 1. Why the record made before the Magistrate Judge is inadequate.

 2. Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is a motion for summary judgment filed by Defendant Alvin Hill (docket entry #125), along with a brief in support (docket entry #126), and a statement of facts (docket entry #127). Plaintiff has filed a response (docket entry #131), along with a statement of facts (docket entry #132). Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging he was attacked by another inmate.

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

The facts of the incident at issue in this case are not in dispute. Inmate Jerry Hamilton, Plaintiff, and two other inmates were in a lobby area waiting to be processed into punitive isolation on October 15, 2002. Defendant was readying a group of inmates for field work, and came through the lobby area, when he was asked by Hamilton to let him use the restroom. Hamilton had earlier asked the control booth operator to let him use the restroom, but was told he needed to wait until another officer entered the lobby. In order to allow Hamilton to clean himself after using the restroom, Defendant removed Hamilton's handcuffs. At the time he removed the handcuffs, Defendant was not armed with a baton, and he had not worked at the Arkansas Department of Correction ("ADC") long enough to carry any chemical spray. After Hamilton was released from the restraints, he pretended to use the restroom, but pulled a shank, and ran back to the restroom door. Although Defendant tried to shut the door and secure Hamilton in the restroom, he was unable to do so. Consequently, Hamilton entered the lobby with a shank, where he lunged at Defendant, and was successful in stabbing Plaintiff and another inmate. As he had been trained to do, Defendant secured the area, and waited for backup.

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was]

3

incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). For example, in *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998), the Court held that a plaintiff must show that defendants "actually knew that [the attacker] posed a substantial risk of harm" to the plaintiff.

In his brief supporting his motion for summary judgment, Defendant asserts that he had no knowledge of any specific threat that Hamilton posed to Plaintiff, and that Plaintiff's case essentially rests on the premise that Defendant should not have allowed Hamilton to use the restroom because he might attack Plaintiff. Defendant also notes that Plaintiff's assertions that Defendant violated certain ADC policies does not rise to a constitutional violation, and that negligence is not actionable.

In response, Plaintiff argues Defendant's motion for summary judgement should be denied because it is not properly supported with affidavits, and that Defendant's breach of protocol, coupled with his failure to protect Plaintiff after the attack began, entitles Plaintiff to relief.

In arguing that Defendant's motion is not properly supported, Plaintiff asserts that Fed.R.Civ.P. 56 requires the attachment of supporting affidavits. However, Rule 56(b) provides that

4

a defending party may move "with or without supporting affidavits" for summary judgment in the party's favor. Moreover, even though Defendant did not attach affidavits, he did attach sworn deposition testimony. Accordingly, Defendant's motion is properly supported, and the question is whether Defendant's breach of protocol, coupled with his actions during the attack, could entitle Plaintiff to relief.

According to Defendant's deposition testimony, he did not know Hamilton before the attack, or of any violent tendencies he had. Defendant was not assigned to the area where the attack occurred, and was not responsible for transporting Hamilton or Plaintiff on the day in question. Although Plaintiff contends that Hamilton had earlier threatened him, Plaintiff testified in his deposition that he never made any ADC official aware of threats made by Hamilton (docket entry #127, exhibit I). Plaintiff asserts in his deposition that Defendant tried to help Hamilton kill him, because he took the cuffs off of Hamilton, and greeted him with gang signs and reference to a street, although Plaintiff could not remember the street. However, when Plaintiff was given a chance at the deposition to fully explain what transpired between Defendant and Hamilton, he provided only vague answers and was generally evasive. Additionally, in a statement after the attack, Plaintiff admitted that Hamilton had actually attacked Defendant, and made no reference to the alleged gang signing (docket entry #127, exhibit F). Plaintiff's description of Defendant being attacked was corroborated by inmate Charles Anderson, who was also attacked (docket entry #127, exhibit G). Plaintiff's failure to provide supportive evidence at his deposition when he was asked about the alleged gang signs means that Plaintiff is essentially asking a fact finder to "trust me" when it comes to his assertion that there was cooperation between Defendant and Hamilton prior to the attack. Plaintiff offers no "evidence," other than his opinion, that Defendant tried to help Hamilton in the assault.

5

Based upon this lack of evidence, it would be unreasonable for a juror to conclude that Defendant and Hamilton had a plan to allow Hamilton to attack Plaintiff when Defendant himself was attacked. There appears to be no reason to believe that Defendant was aware that Hamilton was armed, or of any threat Hamilton posed to Plaintiff, or any other inmate at the time of the incident.[1] Without such knowledge, Defendant cannot be said to have been deliberately indifferent to an excessive risk to Plaintiff's safety. Any violation of safety protocol Defendant committed by releasing Hamilton from the restraints is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

Additionally, the fact that Defendant, who was unarmed, left the lobby area and did not intervene after the assault began is not a constitutional violation. The Eighth Circuit has held that prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm. *Prosser v. Ross,* 70 F.3d 1005, 1008 (8th Cir. 1995)(*citing Arnold v. Jones*, 891 F.2d 1370, 1373 (8th Cir.1989)). Likewise, the fact that Defendant may have been negligent in releasing Hamilton, or in failing to carry a baton, radio, or other safety equipment, is not actionable. *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation).

Plaintiff has presented no evidence from which a jury could conclude that Defendant acted intentionally or with deliberate indifference to Plaintiff's right to be free from the assault of a fellow inmate and Defendant is entitled to judgment as a matter of law. Thus, Defendant's motion should be granted.

---

[1] In fact, in his complaint, Plaintiff asserts that Defendant "screamed and ran" when he saw the knife.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendant's motion for summary judgment (docket entry #125) be GRANTED, and that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this __29____ day of March, 2007.

*H. Daniel Young*
_____
UNITED STATES MAGISTRATE JUDGE